UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID DEUTSCH,

Plaintiff,                                          Case No.:

vs.

FULTON, FRIEDMAN & GULLACE, LLP,

Defendant.
_____/

# COMPLAINT

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

1

## PARTIES

5. Plaintiff, David Deutsch, is a natural person who resides in the City of Boca Raton, County of Palm Beach, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, FULTON, FRIIEDMAN & GULLACE, LLP, (hereinafter "Defendant FULTON") is a collection agency operating from an address of 28 East Main Street, Suite 500, Rochester, N.Y. 14614, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is further registered as a debt collector with the state of Florida. (See http://www.flofr.com)

7. Defendant FULTON regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant FULTON regularly collects or attempts to collect debts for other parties, and for Asset Acceptance, Inc. in particular.

9. Defendant FULTON is a "debt collector" as defined in the FDCPA.

10. Defendant FULTON was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).  It is believed that FULTON is attempting to collect on a charged off credit card account that Plaintiff used to make purchases for various merchandise, such as clothing, food, fuel etc.

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

14. Defendants knew or had reason to know that persons other than Plaintiff may hear its telephone messages, particularly in light of the fact that they chose to leave the message at Plaintiff's parents house.

15. After the initial communication with Plaintiff, Defendants failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

16. Defendants failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged debt and whether the alleged debt was correctly calculated.

## COLLECTION CALL

17. In or about July, 2012, Defendant FULTON'S collector contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. During this call, Defendant left a voice mail on Plaintiff's FATHERS answering machine, identifying himself as a debt collector. More specifically, Defendant left the following message:

This message is for David Deutsch, by continuing to listen you are acknowledging that you are David Deutsch. If you are not David Deutsch, please hang up.

If this is David Deutsch please continue to listen but not in the presence of others as it contains personal information. This is Dave Smith, a debt collector with the law firm of Fulton, Friedman and Gullace. Please contact me about a personal business matter at 1-877-204-5571. This is an attempt to collect a debt and any information obtained will be used for that purpose, thank you.

## SUMMARY

19.     The above-described collection communication made to Plaintiff by Defendant Asset, and a collection employee employed by Defendant FULTON, was made in violation of multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3), and 1692b(5), as well as the FCCPA § 559.72(5), and § 559.77(5).

20.     During its collection communication, Defendant and this individual debt collector employed by Defendant FULTON failed multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3), and 1692b(5), amongst others.

21.     The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts.

22.     Defendant's disclosure of Plaintiff's indebtedness to a third party was an invasion of his privacy and their right to financial privacy.

## TRIAL BY JURY

23.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT 1
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

24.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The foregoing act and omission of the Defendant and its agent constitutes multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

26.     As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

COUNT 2
INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY
REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

27.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

28.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  15 U.S.C. § 1692(a) (emphasis added).

29.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.  15 U.S.C. § 6801(a) (emphasis added).

5

30. Defendant and/or its agent intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

31. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to a third party, and thereby invaded Plaintiffs' right to financial privacy.

32. Defendant disclosed Plaintiff's alleged indebtedness to Ira Deutsch, who is Plaintiff's father. Defendant knew or had reason to know that Ira Deutsch did not have a legitimate need for the information.

33. The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

34. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

COUNT 3
VIOLATION OF 559.72 (5) OF THE FLORIDA
CONSUMER COLLECTION PRACTICESACT

35. Defendant disclosed Plaintiff's alleged indebtedness to Ira Deutsch, who is Plaintiff's father. Defendant knew or had reason to know that Ira Deutsch did not have a legitimate need for the information.

36. As a result of the improper disclosure to a third party, Plaintiff's reputation has been affected.

COUNT 4
VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692g

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the deft.

39. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  August 8, 2012                    Respectfully submitted,

/s J. Dennis Card Jr.
J. Dennis Card Jr., Esq.
E-mail: Dcard@consumerlaworg.com
Florida Bar No.  0487473
Consumer Law Organization, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9553
Attorney for Plaintiff